IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN BEWIG, No. 25464-044, ) <br> ) <br> Petitioner, ) <br> ) <br>vs. ) <br> ) <br>LISA J.W. HOLLINGSWORTH, ) <br> ) <br> Respondent. ) | CIVIL NO. 11-cv-015-DRH |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This case is before the Court on petitioner's writ of habeas corpus. Petitioner, an inmate in the federal minimum security satellite prison camp in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. §2241 to challenge his April 18, 2003, conviction and sentence in the Eastern District of Missouri. Petitioner was found guilty by a jury of conspiracy to distribute pseudoephedrine having reason to believe it would be used to manufacture a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(c)(2). He was sentenced to 240 months' imprisonment. Petitioner's conviction was affirmed on appeal on December 24, 2003. *United States v. Bewig*, 354 F.3d 731 (8th Cir. 2003). He did not seek Supreme Court review.

In April 2005, petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the

trial court, alleging that (1) his trial counsel was ineffective for failing to object to prejudicial testimony that lacked foundation; (2) his sentence was improperly enhanced by factual findings made by the judge and not submitted to the jury, as to the quantity of pseudoephedrine sold and petitioner's leadership role in the conspiracy; and (3) petitioner's conviction was the result of outrageous conduct by government officials who targeted petitioner because he was a business owner. This motion was denied by the trial court on October 4, 2005. *Bewig v. United States*, No. 05-cv-635 (E.D. Mo. Apr. 20, 2005). The Eighth Circuit denied petitioner's application for a certificate of appealability on September 25, 2006.

On February 25, 2008, petitioner filed a motion in the § 2255 case to modify his sentence under 18 U.S.C. § 3582(c), which the trial court denied on September 19, 2008 (Docs. 17 & 21 in *Bewig v. United States*, No. 05-cv-635 (E.D. Mo.)). Then, on August 31, 2010, petitioner filed a Rule 60(d)(3) motion to reconsider the dismissal of his § 2255 motion. In it, he claimed that the trial judge (Judge Donald Stohr) conspired with the United States Attorney and with defense counsel to deprive petitioner of a properly impaneled and instructed grand jury, and because of this fraud upon the court, Judge Stohr's ruling on the § 2255 motion should be vacated. Judge Stohr subsequently recused himself from petitioner's case.

On October 20, 2010, Judge Perry denied petitioner's motion, finding, pursuant to *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005), that it was "really a successive habeas petition, rather than a true motion for fraud on the court under

Rule 60(d)(3)" (Doc. 30, p. 4 in *Bewig v. United States*, No. 05-cv-635 (E.D. Mo.)). In finding that the issues petitioner sought to raise in his Rule 60(d)(3) motion had already been rejected in his direct appeal, or could have been brought there, the trial court observed:

> Essentially, Bewig attempts to circumvent § 2255(h)'s requirement and re-litigate the same issues already raised on direct appeal and in his initial § 2255 motion by labeling Judge Stohr's denial of that motion a "fraud upon the court." This he cannot do.

*Id.* During the time since petitioner filed the case at bar, the Eighth Circuit summarily affirmed the trial court's judgment quoted above (Doc. 40 in *Bewig v. United States*).

Finally, on November 12, 2010, petitioner filed another motion for sentence reduction under 18 U.S.C. § 3582(c)(2), this time in his criminal case, again arguing that the original sentencing proceeding was tainted by "fraud on the court" (Doc. 160 in *United States v. Bewig*, No. 02-cr-546 (E.D. Mo. Oct. 31, 2002)). Judge Perry denied that motion as frivolous on May 18, 2011 (Doc. 163 in *United States v. Bewig*).

Turning to the habeas action now before the Court, Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." RULES GOVERNING § 2254 CASES IN THE U.S. DIST. CTS. R. 4 (2010).

Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. *Id.* R. 1(b).  After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus.  A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991); see also *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("[A] prisoner who challenges his *federal* conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255." (emphasis in original)).  However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.

Petitioner contends that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention.  However, the fact that petitioner may be barred from bringing a successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (finding that § 2255's limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).  Instead, a petitioner under § 2241 must demonstrate the

inability of a § 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Seventh Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as *having been imprisoned for a nonexistent offense*." *Davenport,* 147 F.3d at 611 (emphasis added). The Seventh Circuit clarified this standard, stating that "actual innocence" is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime due to some subsequent change in the law as contemplated by the *Kramer* court. Nor does petitioner have any newly discovered evidence to present. Instead, petitioner asserts that he was unlawfully sentenced and is "actually innocent" of the quantity of pseudoephedrine attributed to him at sentencing and of all other facts found by the trial judge in arriving at his sentence (Doc. 1, p. 5, 8). This is exactly the type of argument that is properly raised in a § 2255 motion, and indeed petitioner raised it both in that proceeding and in his direct appeal. Moreover, petitioner attempts here to use Judge Stohr's recusal as proof that fraud occurred during petitioner's trial, an accusation that was soundly rejected by the subsequently appointed trial judge in ruling on

petitioner's earlier collateral attacks on his sentence (Doc. 163 in *United States v. Bewig*, No. 02-cr-546 (E.D. Mo.)).

All of the claims and arguments raised in the instant habeas petition have been previously presented to the trial court, or could have been. Section 2255 thus does not prove to be an inadequate remedy for petitioner's claims, and under *Davenport*, he cannot raise the claims under § 2241.

Therefore, § 2241 cannot provide petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:** August 16, 2011

Digitally signed by David R. Herndon
Date: 2011.08.16 10:49:27 -05'00'

**Chief Judge**
**United States District Court**